United States District Court
Southern District of Texas
**ENTERED**
June 01, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CLARA ROWELL, §
§
*Plaintiff*, §
§
v. § Civil Action No.: 4:19-CV-2423
§
ANDREW SAUL, §
COMMISSIONER OF THE §
SOCIAL SECURITY ADMINISTRATION, §
§
*Defendant*. §

## MEMORANDUM AND ORDER

Plaintiff Clara Rowell filed this case under the Social Security Act, 42 U.S.C. §§ 405(g) for review of the Commissioner's final decision denying his request for disability benefits. Rowell and the Commissioner moved for summary judgment. Dkts. 11, 13. After considering the pleadings, the record, and the applicable law, the court **GRANTS** Rowell's motion, **DENIES** the Commissioner's motion and **REMANDS** this case to the Commissioner.[1]

## I. Background

### 1. Factual and Administrative History

Rowell filed her claim for social security benefits on August 6, 2016 alleging the onset of disability as of July 24, 2016 due to problems with her back, knee, elbow, and hand/wrist; diabetes; high blood pressure; and myopathy. Tr. at 16, 138. The agency denied her claims on initial review and reconsideration. The administrative law judge (ALJ) held a hearing on September 7, 2018 at which Rowell, two impartial medical experts (mental and physical), and a vocational expert

---

[1] The parties have consented to the jurisdiction of this Magistrate Judge for all purposes, including entry of final judgment. Dkt. 7.

testified.  Tr. at 89-137.  The ALJ issued an unfavorable decision denying benefits on September 24, 2018.  Tr. at 16-31.  The Appeals Council denied review on May 7, 2019 and the ALJ's decision became the final decision of the Commissioner.  *See* 20 C.F.R. §§ 404.984(b)(2) and 416.1484(b)(2).

### 2.  Standard of Review

Federal court review of the Commissioner's final decision to deny Social Security benefits is limited to two inquiries: (1) whether the Commissioner applied the proper legal standard; and (2) whether the Commissioner's decision is supported by substantial evidence.  *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014).  When reviewing the Commissioner's decision, the court does not reweigh the evidence, try the questions *de novo*, or substitute its own judgment for that of the Commissioner.  *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)).  Conflicts in the evidence are for the Commissioner to resolve, not the courts.  *Id.*

### 3.  Disability Determination Standards

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must follow a five-step sequential analysis to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.

In the first step, the ALJ decides whether the claimant is currently working or "engaged in substantial gainful activity."  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If so, the claimant is not disabled.  In the second step, the ALJ must determine whether the claimant has a severe

impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant's impairment does not have a de minimis impact on her ability to work, she is not disabled.  *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018).  The third step of the sequential analysis requires the ALJ to determine whether the claimant's severe impairment meets or medically equals one of the listings in the regulation known as Appendix 1.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. Part 404, Subpart P, Appendix 1.  If so, the claimant is disabled. If not, the ALJ must determine the claimant's "residual functional capacity" (RFC).  "The RFC is the individual's ability to do physical and mental tasks on a sustained basis despite limitations from her impairments."  *Giles v. Astrue*, 433 F. App'x 241, 245 (5th Cir. 2011) (citing 20 C.F.R. §404.1545).  At step four, the ALJ determines whether the claimant's RFC permits her to perform her past relevant work.  If the answer is no, the ALJ determines at step five whether the claimant can perform any other work that exists in the national economy. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).  The claimant bears the burden to prove disability at steps one through four, but the burden shifts to the Commissioner at step five.  *Newton*, 209 F.3d at 452-53.

### 4.  The ALJ's Decision

The ALJ found that Rowell met the insured status requirements of the Social Security Act through December 31, 2020 and had not engaged in substantial gainful activity since her alleged onset date of July 24, 2016.  Tr. at 16.  The ALJ found that Rowell had the severe impairments of spine disorders, ischemic heart disease, peripheral neuropathy, diabetes mellitus, essential hypertension, and obesity, none of which met or medically equaled the severity of a listing.  Tr. at 18-19.  The ALJ found that Rowell retained the residual functional capacity to perform light work with the following limitations:

3

> The claimant is able to lift and carry 20 pounds occasionally and 10 pounds frequently, stand and walk six hours in an eight-hour workday, and sit for six hours in an eight-hour workday. Although the claimant is able to occasionally climb ramps and stairs, the claimant is unable to climb ladders, ropes, or scaffolds. The claimant is able to occasionally balance, stoop, kneel, crouch, and crawl. The claimant must avoid working in areas with concentrated exposure to extreme heat or cold.

Tr. at 23-24. Based on her RFC and the testimony of a vocational expert, the ALJ concluded that Rowell could perform her past work as a fast food manager, or alternatively, could perform other jobs that exist in significant numbers in the national economy. Tr. at 29-30. Therefore, the ALJ concluded that Rowell was not disabled within the meaning of the Social Security Act at any time from the date of onset through the date of her opinion. Tr. at 31.

## II.  Analysis

Rowell asserts in her Motion for Summary Judgment that the ALJ's decision is not supported by substantial evidence because the ALJ erred (1) in her treatment of Rowell's treating physician's opinions; (2) failed to include in her RFC a limitation for Rowell's need to use an assistive device for walking; and (3) applied the wrong legal standards when assessing her allegations of disability. Because Rowell's first point requires remand, the Court does not address the second and third. However, on remand the ALJ should reconsider whether is it appropriate to include a limitation in Rowell's RFC for the use of an assistive device for walking.

### A.  The ALJ erred in her analysis of the treating physician opinion evidence.

Rowell argues the ALJ erred by giving little weight to the opinions of her treating neurologist, Dr. Athari. Dr. Athari began treating Rowell for back issues in 2013. Tr. at 344. Athari submitted two medical source statements regarding Rowell. On September 13, 2016, Athari opined that during an eight-hour workday Rowell could sit for four hours and stand or walk for

one hour and that she could occasionally lift less than ten pounds.  Athari further reported that Rowel would be absent from work three or four times per month.  Tr. at 344-47.  Dr. Athari's January 2, 2018 medical source statement states Rowell could sit for three hours and stand or walk for one hour in an eight-hour workday and could lift less than ten pounds.  Dr. Athari again opined that Rowell would be absent from work for three to four times per month. Tr. at 646-48.

In evaluating the medical opinions in this case, the ALJ followed 20 C.F.R. § 1520c(b)[2] which states that the factors of supportability and consistency are the most important factors to consider in determining the weight to afford a medical opinion, regardless of whether the opinion is from a treating physician.  The ALJ further relied on 20 C.F.R. 1520c(c) in stating that an ALJ "may also, but is not required to, consider the other factors" set forth in the regulation, such as the medical source's treating relationship with the claimant.[3]  Tr. at 28.  However, 20 C.F.R. § 1520c is applicable to claims filed on or after March 27, 2017.  Rowell filed her claim for disability on August 6, 2016.  Tr. at 16.  Thus, Rowell's claim is governed by 20 C.F.R. § 1527(c). *See Motley v. Berryhill*, No. 3:18-CV-00090, 2019 WL 1060894, at *3 (S.D. Tex. Jan. 25, 2019), *report and recommendation adopted*, No. 3:18-CV-00090, 2019 WL 1059977 (S.D. Tex. Mar. 6, 2019) ("The Court notes that the Social Security Administration published a new rule, applicable to claims filed on or after March 27, 2017, which eliminated the rule that treating sources be given controlling weight. *See* 20 C.F.R. § 404.1520c.  However, because Motley filed her claim before March 27, 2017, the pre-amendment version of the rule applies here. *See* 20 C.F.R. § 404.1527").

---

[2] The ALJ decision refers to 20 C.F.R. § 1420c, which the Court presumes is a typographical error.
[3] 20 C.F.R. §1520c(c) actually says the adjudicator "*will consider* the following factors," (emphasis added), although in accordance with § 1520(b)(2) the ALJ need not explain them.

Under 20 C.F.R. § 1527(c)(2), an ALJ is required to give controlling weight to the opinion of a treating physician if it is well-supported and not inconsistent with other substantial medical evidence in the record.  If the ALJ does not give the treating physician opinion controlling weight, she must consider the factors listed in § 1527(c)(2)(i) and (c)(2)(ii) and (c)(3)-(c)(6).[4]  *See Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000).  An ALJ is free to reject, assign less weight, little or even no weight, to the opinion of a treating physician for good cause. *Kneeland v. Berryhill*, 850 F.3d 749, 760 (5th Cir. 2017) (citing *Newton*).  However, the ALJ's decision generally must state reasons for declining to give a treating physician's opinions controlling weight.  *See, e.g., Kneeland*, 850 F.3d at 760 (the general rule is that rejecting a medical opinion requires and explanation); *Huet v. Astrue*, 375 F. App'x 373, 376 (5th Cir. 2010) ("If controlling weight is not given to a treating physician's opinion, the ALJ is required to give 'good reasons' for the weight given to this opinion."); *Beasley v. Barnhart*, 191 F. App'x 331, 334 (5th Cir. 2006) (per curiam) ("The ALJ must always give good reasons for the weight it affords the opinion [of a treating physician], and must show good cause when giving that opinion little or no weight.") (internal quotation marks, alteration, and citations omitted).

The ALJ gave little weight to the opinions of Rowell's treating neurologist, Dr. Athari, "because they are unsupported by objective clinical findings and are inconsistent with the evidence considered as a whole."  Tr. at 28.  It is true that when deciding the weight to accord to a treating

---

[4] The factors listed in § 1527(c)(2) are: (1) the physician's length of treatment of the claimant and frequency of examination, (2) the nature and extent of the treatment relationship, (3) the extent to which the physician's opinion is supported by medical evidence, (4) the consistency of the opinion with the record as a whole, (5) the physician's degree of specialization, and (6) other factors the claimant brings to the Commissioner's attention that support the opinion.  The original text in *Newton* refers to "the criteria set forth in 20 C.F.R. § 404.1527(d)(2), but this section was renumbered without substantive change to 20 C.F.R. § 404.1527(c)(2)." *Nguyen v. Colvin*, No. 4:13-CV-2957, 2015 WL 222328, at *10 n.5 (S.D. Tex. Jan. 14, 2015).

physician opinion "the ALJ need not recite or discuss each factor [of § 404.1527(c)/§ 416.927(c)] in an express, or formulaic fashion." *Wiltz v. Comm'r of Soc. Sec. Admin.*, 412 F.Supp.2d 601, 608 (E.D. Tex. 2005) ("[T]he adjudicator [need only] 'consider' the factors. Neither the regulation nor interpretive case law requires that an ALJ specifically name, enumerate, and discuss each factor in outline or other rigid mechanical form."). Yet, it is clear in this case that the ALJ did not consider all the factors listed in 20 C.F.R. § 1527(c) when evaluating the opinion of Dr. Athari. *Id.*

The ALJ's decision in this case is too vague to be subject to meaningful review because the Court cannot tell whether, had the ALJ considered the relevant factors, she would have reached the same conclusion. *See Mendez v. Berryhill*, Civil Action No. M-14-715, 2017 WL 4329791, at * 6 (S.D. Tex. 2017) (ALJ erred because the court had "no way of truly figuring out how the ALJ weighed and resolved the evidentiary import of [the treating physician's] report because the ALJ failed to explain it."). The ALJ's decision sets out a chronological summary of Rowell's medical records. Tr. at 24-27. Yet, when addressing the weight to be given the medical opinion evidence, the ALJ cites a few records without any explanation about whether the cited evidence does or does not support Dr. Athari's opinions. *See* Tr. at 28-29. For example, the ALJ cites Dr. Athari's November 2017 notes that state Rowell "was doing well with medication," and also that Rowell "had some numbness and weakness in the right leg." *Id.* at 28. The ALJ cites a February 2018 MRI that showed "mild disc space narrowing and dehydration changes at L5-S1," and "left sided annular bulging encroaching on the epidural fat space." *Id.* The ALJ acknowledges Dr. Athari's March 2018 report of an EMG and nerve conduction study that showed "mild nerve root irritation" and notes referencing "mild limping when she walked." *Id.* at 29. The ALJ cited a June 2018

7

report from a consultative examination by Dr. Sabeen Najam stating: "claimant's power was 5/5 in the upper and lower extremities.  The lumbar spine was non-tender. The cervical spine had a normal range of motion." *Id.* at 29.  None of the record citations are accompanied by any explanation as to whether or why the ALJ believes the information contradicts the opinions of Dr. Athari regarding Rowell's functional limitations.

The Commissioner's decision must stand or fall with the reasons stated in the ALJ's final decision and this Court does not consider the agency's post-hoc rationalizations.  *Boone v. Saul*, No. 3:19-CV-00175, 2020 WL 2150523, at *2 (S.D. Tex. Apr. 17, 2020), report and recommendation adopted, No. 3:19-CV-00175, 2020 WL 2130992 (S.D. Tex. May 5, 2020).  "The "substantial evidence" standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings." *Ramirez v. Saul*, No. 4:18-CV-2504, 2020 WL 1853749, at *2 (S.D. Tex. Apr. 12, 2020) (citing *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985) and *Singletary v. Brown*, 798 F.2d 818, 822-23 (5th Cir. 1986)).  Because the ALJ did not consider the relevant 20 C.F.R. 1527 factors or adequately explain her reasons for disregarding Dr. Athari's opinions, this matter must be remanded to the Commissioner for further consideration.

### III.   Conclusion and Order

For the reasons discussed above, the court **GRANTS** Rowell's motion, **DENIES** the Commissioner's motion, and **REMANDS** this case to the Commissioner for further proceedings consistent with this Memorandum and Order.

Signed on June 01, 2020, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge

8